**Seymour H. ROWLAND and Jan Rowland, Plaintiffs,**

v.

**SAFECO INSURANCE COMPANY OF AMERICA, Defendant.**

**No. 85–123–Civ-Oc–12.**

United States District Court,
M.D. Florida,
Ocala Division.

March 4, 1986.

---

L. Edward McClellan, Jr., Ocala, Fla., for plaintiffs.

William E. Lawton, Orlando, Fla., for defendant.

## ORDER

MELTON, District Judge.

This matter is before the Court on the motion to dismiss of defendant Safeco Insurance Company of America ("Safeco"). Having carefully considered the matter,[1] the Court is of the opinion that the motion should be denied.

Plaintiffs are holders of an insurance policy issued by Safeco. The policy included bodily injury liability limits of $50,000 for each person and $100,000 for each occurrence. It also limited uninsured motorist coverage to $10,000 for each person and $20,000 for each occurrence. Plaintiff Jan Rowland suffered injuries in an automobile accident in October of 1980. In August 1983, plaintiffs demanded uninsured motorist coverage equal to the $50/$100,000 limits for bodily injury. Safeco allegedly failed to respond in a timely manner to plaintiffs' demands. Plaintiffs thereafter filed a declaratory judgment action. The state circuit court found in favor of plaintiffs and this judgment was affirmed on appeal.

Plaintiffs filed this action, contending that Safeco's actions in failing to pay their claim amounted to a bad faith refusal to settle in violation of Fla.Stat. § 624.-155(1)(b)1 (1985). Safeco moved to dismiss the amended complaint on the following grounds: (1) that plaintiffs failed to state a cause of action for violation of Fla.Stat. § 624.155; (2) that plaintiffs failed to state a cause of action for bad faith refusal to pay a first party insurance claim; and (3) that plaintiffs failed to state a cause of action for certain damages.

Safeco first argues that Fla.Stat. § 624.155 may not be applied retroactively to this case. The statute became effective in 1982. Safeco apparently contends that the instant cause of action arose in 1980 when the accident occurred or before 1980 when the policy was issued. The Court need not decide whether the statute can be applied retroactively because a cause of action for bad faith refusal to pay first party claims arises when the alleged bad faith actions occur, not when the policy was issued or the accident occurred. *See* Couch on Insurance 2d, § 58.7 (1983). In this case, plaintiffs sent the first demand letter in August of 1983. Plaintiffs allege that Safeco's actions in handling the demand, occurring between 1983 and 1985, constituted bad faith refusal to pay. Therefore, the cause of action arose sometime between 1983 and 1985 when, allegedly, the insurer unreasonably failed to pay the claim.

Safeco next argues that plaintiffs fail to state a claim for bad faith refusal to pay because they have not alleged that Safeco's actions amounted to an independent tort. Prior to the enactment of Fla. Stat. § 624.155, Florida law did not recognize a cause of action for a bad faith refusal to pay the claim of a first party. *T.D.S., Inc. v. Shelby Mutual Insurance Co.*, 760 F.2d 1520, 1529 (11th Cir.1985); *Kent Insurance Co. v. Hassan*, 447 So.2d 323, 324 (Fla. 4th DCA 1984); *Industrial Fire & Casualty Insurance Co. v. Romer*, 432 So.2d 66, 67 (Fla. 4th DCA 1983). Bad faith refusal to pay would give rise to a claim only if the actions constituted a separate tort such as fraud or intentional infliction of emotional distress. *Romer*, 432 So.2d at 67.

The enactment of Fla.Stat. § 624.-155(1)(b)1., however, created an independent cause of action for bad faith refusal to

---

1. Safeco originally requested oral argument on its motion to dismiss. After counsel for Safeco inadvertently missed the scheduled hearing, both parties agreed that the motion could be resolved on the basis of the written memoranda before the Court.

pay. That section provides that "any person" may sue an insurer when it has not attempted "in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his interests." As of this date, there have been no cases interpreting Fla.Stat. § 624.155.[2] A Florida intermediate appellate court, in dicta, recognized that the statute apparently does change the law regarding first party refusal to settle cases. *Romer*, 432 So.2d at 67 n. 2, 69 n. 5. The concurring opinion noted "[a]lthough it need not be decided here, it is arguable that with the passage of [Fla.Stat. § 624.-155], Florida has joined the ranks of those states which impose an implied covenant of good faith and fair dealing in insurance contracts." *Id.* at 69 n. 5.

In addition to the language of the statute, its legislative history indicates an intent to provide a cause of action for insureds who sue their insurers for bad faith refusal to settle claims. A 1982 Staff Report to the House Committee on Insurance notes that section 624.155

> requires insurers to deal in good faith to settle claims. Current case law requires this standard in liability claims, but not in uninsured motorist coverage; the sanction is that a company is subject to a judgment in excess of policy limits. This section would apply to all insurance policies.

Staff Report, 1982 Insurance Code Sunset Revision (HB 4F; as amended HB 10G) (June 3, 1982). This language indicates the Legislature recognized that prior to this statute, case law did not permit first parties, such as those covered under uninsured motorists policies, to sue their insurance

companies for bad faith refusal to pay claims.

 Safeco's final contention is that plaintiffs are not entitled to certain damages. This contention is without merit. Under Fla.Stat. § 624.155(3), an insurer, who suffers an adverse adjudication at trial, may be liable for damages, court costs and reasonable attorney's fees incurred by plaintiffs. Accordingly, it is

ORDERED AND ADJUDGED:

1. That Safeco's Motion to Dismiss Amended Complaint is hereby denied; and

2. That Safeco shall file an answer to the amended complaint within twenty (20) days of the date of this Order.

---

**2.** Although there are no opinions interpreting Florida's statute, the Eleventh Circuit recently discussed Alabama's law regarding bad faith refusal to pay claims in *T.D.S., Inc. v. Shelby Mutual Insurance Co.*, 760 F.2d 1520 (11th Cir. 1985). Under Alabama law, a tort of bad faith refusal to pay first-party insurance claims arises where there is either (1) no lawful basis for the refusal plus actual knowledge of that fact or (2) intentional failure to determine whether or not

there was a lawful basis for refusing to pay the claim. Plaintiff has the burden of proving, *inter alia*, that there was no reasonably legitimate or arguable reason for the insurer to refuse to pay the claim. *Id.* at 1528. In the absence of Florida law, this Court will examine precedent from other jurisdictions to flesh out the contours of this tort, including what type of damages may be recovered.