**Thomas F. JONES, as Personal Representative of the Estate of Karen Sue Jones, Deceased, Thomas F. Jones, individually, and Mary Ann Jones, individually, Plaintiffs,**

**v.**

**CONTINENTAL INSURANCE COMPANY, a foreign corporation, Defendant.**

No. 86–1922–CIV.

United States District Court, S.D. Florida.

July 21, 1989.

Robert J. Dickman, Roland Gomez, Miami Lakes, Fla., and Patrice A. Talisman, Miami, Fla., for plaintiffs.

Scott McNary, Miami, Fla., for defendant.

ORDER GRANTING MOTION FOR AND ENTERING JUDGMENT NOTWITHSTANDING THE VERDICT AND DENYING MOTION FOR NEW TRIAL

ARONOVITZ, District Judge.

THIS CAUSE came before the court upon Plaintiffs' Motion for Judgment Not-

withstanding the Verdict and concurrently filed Motion for New Trial on Damages.

THE COURT has considered the motions, Defendant's response memoranda and Plaintiffs' replies thereto, reviewed the applicable law and pertinent portions of the record, and being otherwise fully advised in the premises makes the following rulings based thereon.

JURISDICTION over the subject matter of this action is based upon diversity of citizenship between the parties pursuant to the provisions of 28 U.S.C. Section 1332.

### Background

Plaintiffs, Thomas F. Jones and Mary Ann Jones, are the parents of Karen Sue Jones who was involved in a fatal car accident in January, 1984. Plaintiffs were then covered by a Continental Insurance Company liability policy with total coverage of $600,000. The accident involved two uninsured (underinsured) motorists such that the uninsured motorist provisions of the Jones' policy were triggered. Plaintiffs made a demand upon Defendant for settlement of the policy limits. The demand was rejected causing Plaintiffs to request and proceed to arbitration, resulting in an award of $1,000,000 in favor of Plaintiffs.

After arbitration and the award decision the Defendants filed in state court a Motion for Final Judgment Vacating, Modifying or Correcting the Arbitration Award pursuant to Fla.Stat. § 682.17. This motion sought to reduce the award to the limits of the policy. The Joneses filed a response in opposition. However, the state court entered judgment on October 31, 1984 limiting the award to the terms of the policy—$600,000. Continental then satisfied the judgment by paying $600,000 to the Joneses.

The Joneses subsequently filed a statutory bad faith action in state court, which reached this Court upon removal by Defendant. The complaint alleged that Continental's rejection of Plaintiffs' offer to settle for the policy limits was in bad faith, with the intent to cause extreme emotional distress. The Complaint sought damages in the amount of the difference between the arbitration award and the state court judgment, together with punitive damages as to certain counts.

Upon Defendant's Motion to Dismiss, this Court entered an Order dismissing Counts II (intentional infliction of emotional distress) and III (tortious breach of contract), declaring Count IV moot (complaint did not request statutory punitive damages), but leaving intact Count I. Count I alleged a breach of good faith duty to promptly settle Plaintiffs' claims based on Fla.Stat. § 624.155. *See Jones v. Continental Ins. Co.*, 670 F.Supp. 937 (S.D.Fla. 1987).

The Florida "bad faith" statute makes it illegal for an insurance company not to attempt in good faith to settle claims when, under all the circumstances, it could have done so, had it acted fairly and honestly toward its insured and with due regard for his interests. Fla.Stat. § 624.155(1)(b)(1). Additionally, the statute proscribes the failure to adopt and implement standards for the proper investigation of claims and denying claims without conducting reasonable investigations based upon available information. *Id.* at § 624.155(1)(a)(1) (incorporating by reference Section 626.9541(1)(i) "Unfair Claim Settlement Practices").

Prior to trial, Plaintiffs moved to amend its complaint to add a punitive damages claim. This motion was denied on April 4, 1989. Additionally, the Defendant moved for partial summary judgment on damages. Defendant contended that the measure of damages sought by Plaintiffs, the amount by which the arbitration award exceeded the policy limits, was an improper element of damages under Fla.Stat. § 624.155. Prior to selecting a jury on April 14, 1989 the Court denied Defendant's Motion for Partial Summary Judgment.[1]

Trial was conducted on April 14, 18, and 19 with the jury deliberating its verdict on April 20, 1989. During trial Plaintiff moved for a directed verdict that as a mat-

---

1. Defendant Continental also filed a Motion for Summary Judgment on an issue not relevant to these post-trial motions. This motion was also denied ore tenus at the outset of trial.

ter of law Plaintiffs' entitlement to an element of damages be, if allowed by the jury, the excess arbitration award—$366,750.00 after set-offs. The Court ruled that the $366,750.00 was properly plead as an element of damages and could be tendered to the jury. Special interrogatories were approved by the parties and submitted to the jury.

A special verdict was returned against Defendant Continental on liability but with a finding of "zero" damages. Specifically, the jury determined that Continental did *not* attempt in good faith to settle Plaintiffs claim, § 624.155(1), and additionally found a violation of section 626.9541(1)(i) to the extent that Continental failed to promptly provide a reasonable explanation in writing of the basis in the insurance policy for denial of Plaintiffs' claim or for the offer of a compromise settlement. Having found violation of the bad faith statute the jury was asked to determine the total amount of damages sustained by the Plaintiffs. They answered "Zero." [2]

Plaintiffs timely filed motions for judgment notwithstanding the verdict, Fed.R. Civ.P. 50(b), and for new trial, Fed.R.Civ.P. 59(a). The Court heard argument of counsel on these motions on July 14, 1989.

Plaintiffs' Motion for Judgment Notwithstanding the Verdict is obviously directed to the jury's determination of damages. Reiterating their motion for directed verdict Plaintiffs urge that a judgment be entered in favor of Plaintiffs for $366,-750.00, the excess arbitration award with set-offs.[3] In their motion for new trial Plaintiffs contend that the damages verdict is contrary to the "manifest weight of the evidence" and "grossly inadequate."

## Analysis

Federal Rule of Civil Procedure 50(b) provides that "whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion." Fed.R.Civ.P. 50(b). A party has ten days after the jury has been discharged to move for a judgment notwithstanding the verdict to obtain a legal determination of the issues previously raised but not foreclosed. In addition to pure matters of law, a motion for judgment notwithstanding the verdict directly challenges the sufficiency of the evidence underlying a jury's verdict. The Court is obligated to examine all of the evidence in

---

**2.** The special interrogatories submitted and the jury's responses (in italics) are set forth in their entirety as follows:

    1. Do you find from a preponderance of the evidence that Continental Insurance Company did not attempt in good faith to settle claims of Plaintiffs when, under all the circumstances, it could have and should have done so, and had it acted fairly and honestly toward its insureds and with due regard for their interests?
    YES *Yes*  NO___
    2. Do you find from the totality of the circumstances that Continental Insurance Company committed or performed any or all of the following acts with such frequency as to indicate a general business practice:
    a) fail to adopt and implement standards for the proper investigation of claims?
    YES___  NO *No*
    b) fail to acknowledge and act promptly upon communications with respect to claims?
    YES___  NO *No*
    c) deny claims without conducting reasonable investigations based upon available information?
    YES___  NO *No*

    d) fail to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement?
    YES *Yes*  NO___
    If you answered "No" to both questions 1 and 2, you need not answer question No. 3. If you answered "Yes" to question 1 or question 2, please answer question 3 below.
    3. What is the total amount of damages sustained by the Plaintiffs and caused by the acts of Continental Insurance Company.
    $ *0-*
    SO SAY WE ALL THIS *20* day of April, 1989.
    */s/ Jean Williams*

**3.** In addition to the $366,750.00 excess arbitration award, Plaintiff requested in the complaint and at trial additional damages in terms of attorney's fees expended and interest lost on monies owed as a result of the Continental's failure to comply with its statutory obligations. They have limited their Motion for Judgment Notwithstanding the Verdict to the $366,750.00 excess arbitration award.

light of and with all reasonable inferences favorable to the party opposing the motion and should grant the motion for judgment notwithstanding the verdict where the facts and inferences point so strongly and overwhelmingly in favor of one party that reasonable men or women could not arrive at a contrary verdict. *Castle v. Sangamo Weston, Inc.,* 837 F.2d 1550 (11th Cir.1988); *Hale v. Holy Cross Hospital, Inc.,* 513 F.2d 315, *rehg. denied,* 515 F.2d 1183 (5th Cir. 1975).[4]

The question raised by Plaintiffs' motion for directed verdict was the same question raised by Defendant's Motion for Partial Summary Judgment and is the same question espoused in Plaintiff's post-trial motions: what is the proper measure of damages in a first-party bad faith insurance action under Fla.Stat. § 624.155? Resolving this question of law and examining the evidence presented at trial decides the fate of Plaintiffs' Motion for Judgment Notwithstanding the Verdict.

Plaintiffs have continually asserted, under the guidance of third-party insurance law, that an insured is entitled to recover the excess arbitration award as damages upon a finding of bad faith. Defendant vigorously contests that any damages sustained prior to the alleged bad faith (or breach of insurance contract) can serve as the proper measure of damages; only damages proximately resulting from the al-

leged breach, such as consequent economic loss or emotional distress are proper. *Neal v. Farmers Insurance Exchange,* 21 Cal.3d 910, 148 Cal.Rptr. 389, 582 P.2d 980 (1978).

For years courts have imposed an independent duty on liability insurers to act in good faith when defending insureds against *third*-party claims. *See, e.g. Butchikas v. Travelers Indem. Co.,* 343 So.2d 816, 817–818 (Fla.1976).[5] *First*-party insurance contracts differ to the extent that they involve the insured contracting with an insurer to cover specific contingencies with payment for those contingencies being made directly to the insured. Until recently Florida was among a number of states upholding a distinction between the duty owed to first and third party claimants; insurers owed no fiduciary duty in first-party claims. *Baxter v. Royal Indem. Co.,* 317 So.2d 725 (Fla.1975). However, in 1982 the Florida Legislature enacted section 624.155, the so-called "Bad Faith Statute." Since its enactment both federal and state courts have read into the statute a bad-faith cause of action in first-party insurance suits.[6]

In a third-party suit damages may include the "excess" judgment over the policy limits. *Butchikas,* 343 So.2d at 817–818. To ascertain whether the excess award is properly recoverable in first party

---

**4.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

**5.** In third-party insurance actions the insurer assumes complete control over the insured's defense and, at the same time, acquires a fiduciary duty to act in the insured's best interests. When an insurer breaches this duty by acting in "bad faith," thereby exposing its insured to a judgment in excess of policy limits, the insured may recover the "excess" and other potential compensatory and punitive damages. *Butchikas,* 343 So.2d at 817–818.

**6.** In late 1987, when this Court passed upon Defendant's motion to dismiss, no Florida court had interpreted section 624.155. Only two federal courts had occasion to construe the statute and its legislative history; both courts extended a cause of action for bad faith to first and third parties alike. *Rowland v. Safeco Ins. Co. of*

*America,* 634 F.Supp. 613 (M.D.Fla.1986); *United Guaranty Residential Ins. Co. of Iowa v. Alliance Mortgage Co.,* 644 F.Supp. 339 (M.D.Fla. 1986). This Court also found a new cause of action for bad faith refusal to pay a legitimate first-party claim. *Jones v. Continental Ins. Co.,* 670 F.Supp. 937 (S.D.Fla.1987). With the benefit of time at least two Florida appellate courts have agreed with this third-party to first-party extension under the statute. *Fidelity & Casualty Ins. Co. v. Taylor,* 525 So.2d 908 (Fla. 3d DCA), *review denied,* 528 So.2d 1181 (1988); *Opperman v. Nationwide Mut. Fire Ins. Co.,* 515 So.2d 263 (Fla. 5th DCA 1987), *review denied,* 523 So.2d 578 (Fla.1988). Therefore, insurers now have a legal duty, independent of the contract, to handle the claims of all insureds in good faith. If an insurer deliberately and unreasonably denies first-party coverage, the insured has a cause of action. Fla.Stat. 624.155(1), (4) (1985 & Supp.1988).

suits the statute, its legislative history, and current state precedent should be reviewed.

Section 624.155(3) provides:

Upon adverse adjudication at trial or upon appeal, the insurer shall be liable for damages together with court costs and reasonable attorneys fees incurred by plaintiff.

The legislative history states:

[Section 624.155] requires insurers to deal in good faith to settle claims. Current case law requires this standard in liability claims, but not in uninsured motorist coverage; the sanction is that the company is subject to a judgment in excess of policy limits. This section would apply to all insurance policies.

Staff Report, 1982 Insurance Code Sunset Revision (HB 4F; as amended HB 10G) (June 3, 1982).

The Legislature's comments support the conclusion that it intended the full contours of the statute to be determined by reference to general principles of Florida insurance law including third-party doctrine. *Jones v. Continental*, 670 F.Supp. at 944. As this Court stated previously:

It would be an illogical anomaly to permit an insurance company to proceed to arbitration even though it knew prior to arbitration that it had no reasonable defense to payment, while holding another insurance company liable for bad faith for proceeding to trial when it knew prior to trial that liability was reasonably clear. *The damages to the insured would be the same in either case and the policy reasons for imposing bad faith liability would be easily thwarted.*

*Jones v. Continental*, 670 F.Supp. at 945 (emphasis supplied).

Thus, the statute's purpose is to provide the same remedy in both first-party and third-party bad faith claims—the excess award. In fact, Florida courts which have construed the statute have looked to third-party bad faith law as the basis for their decisions.[7] Moreover, some Florida courts

have ruled specifically that an excess arbitration award may be recovered as damages under the statute in a first-party suit. *Wahl v. Insurance Co. of North America*, No. 87–1187–CA–17, (19th Fla.Cir.Ct. June 6, 1989); *Fidelity & Casualty Ins. Co. v. Taylor*, No. 84–1884, (11th Fla.Cir.Ct. Nov. 4, 1988).

Since the jury found Defendant Continental guilty of statutory bad faith, plaintiffs are entitled as a matter of law to recover this excess amount from their insurer. In addition, having presided at the trial of this matter and being cognizant of all the evidence presented therein, the Court finds the evidence adduced of such weight and quality that a jury in the exercise of impartial judgment could not have returned a verdict of "zero" damages. Therefore, Plaintiffs are entitled to a judgment in the amount of $366,750.00 plus pre-judgment interest to be entered in place of the jury's verdict on damages. Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiffs' Motion for Judgment Notwithstanding the Verdict be, and the same is, hereby GRANTED; the damage verdict entered by the jury in this cause on April 20, 1989 is hereby SET ASIDE and JUDGMENT is hereby entered in favor of Plaintiff and against Defendant in the amount of $366,750.00 with pre-judgment interest on this liquidated sum at a rate specified by law (12% per annum) commencing from the date of the state court judgment (October 31, 1984). Plaintiff is also awarded a judgment for COSTS of this action to be taxed by the Clerk of this Court upon the filing of an appropriate bill of cost form.

It is further ORDERED AND ADJUDGED that Plaintiffs' Motion for New Trial On Damages be, and the same is, hereby DENIED as MOOT. Although the motion for new trial on damages has merit, the legal and factual bases for entering a

---

7. *See e.g., Opperman v. Nationwide Mutual Fire Insurance Co.*, 515 So.2d 263 (Fla. 5th DCA 1987); *Fidelity & Casualty Ins. Co. v. Taylor*, 525 So.2d 908 (Fla. 3d DCA), *review denied*, 528 So.2d 1181 (1988); *c.f., Kujawa v. Manhattan Natl. Life Ins. Co.*, 541 So.2d 1168 (Fla.1989) (disapproving *Taylor*).

Judgment Notwithstanding the Verdict are compelling.

DONE AND ORDERED.