**William ADAMS and Dorothy Adams, his wife, and Thomas Shelton and Elizabeth Shelton, his wife, Plaintiffs–Appellants,**

v.

**The FIDELITY AND CASUALTY COMPANY OF NEW YORK, a New Hampshire corporation, Defendant–Appellee.**

No. 90–5229.

United States Court of Appeals, Eleventh Circuit.

Jan. 10, 1991.

James B. Tilghman, Stewart, Tilghman, Fox & Bianchi, Miami, Fla., for plaintiffs-appellants.

James P. Murray and Love Phipps, Corlett, Killian, Ober, Hardeman, McIntosh & Levi, Miami, Fla., for defendant-appellee.

Before FAY, COX, and MARKEY *, Circuit Judges.

FAY, Circuit Judge:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE

---

* Honorable Howard T. Markey, U.S. Circuit Judge for the Federal Circuit, sitting by designation.

ELEVENTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO ARTICLE 5, SECTION 3(b)(6) OF THE FLORIDA CONSTITUTION, FLORIDA STATUTES § 25.031, AND RULE 9.150, FLORIDA RULES OF APPELLATE PROCEDURE.

TO THE SUPREME COURT OF FLORIDA AND THE HONORABLE JUSTICES THEREOF:

This diversity uninsured motorist insurance case concerns the question of whether the measure of damages in a first-party (insured against insurer), "bad faith" action, brought pursuant to Fla.Stat. § 624.155(1)(b)1., may properly include an award of punitive damages against an insurer. We have determined that this issue of law is dispositive of the case, and that there appear to be no clear, controlling precedents in the decisions of the Supreme Court of Florida. We therefore certify the following question of law to the Supreme Court of Florida, in accordance with Rule 9.150, Florida Rules of Appellate Procedure:

## I. *Style of the Case.*

The style of the case in which this certificate is made is WILLIAM ADAMS and DOROTHY ADAMS, his wife, and THOMAS SHELTON and ELIZABETH SHELTON, his wife, Plaintiffs–Appellants, versus THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, a New Hampshire corporation, Defendant–Appellee, Case No. 90–5229, United States Court of Appeals for the Eleventh Circuit, on appeal from the United States District Court for the Southern District of Florida.

## II. *Statement of Facts.*

On January 23, 1982, plaintiffs-appellants Thomas and Elizabeth Shelton, along with plaintiffs-appellants William and Dorothy

Adams, were traveling in Broward County, Florida in an automobile owned and operated by Thomas Shelton. Plaintiffs' vehicle was struck by another vehicle owned and operated by Sylvia Brannan, an allegedly intoxicated motorist who failed to stop at a red light.

The Sheltons were named insureds under a policy purchased in their home state of North Carolina from defendant-appellee Fidelity and Casualty Company of New York ("Fidelity"). The policy included $200,000 in uninsured motorist coverage. Plaintiffs William and Dorothy Adams, as passengers in the Sheltons' vehicle, were additional insureds under the uninsured motorist provision. Sylvia Brannan had no automobile liability insurance.

As a result of the accident, plaintiff William Adams received physical injuries, and his wife Dorothy suffered a corresponding loss of consortium. In addition to the claims for physical injuries, each of the plaintiffs asserted claims for punitive damages based on Ms. Brannan's egregious conduct.

Plaintiffs notified Fidelity of their uninsured motorist claims shortly after the accident. By letter dated June 8, 1983, they offered to settle all claims within the policy limits for the sum of $175,000. Defendant Fidelity rejected the offer. Despite repeated requests by plaintiffs between June, 1983 and May, 1985, Fidelity allegedly refused to negotiate and settle plaintiffs' claims.

Under their policy, plaintiffs could elect either to arbitrate their uninsured motorist claims, or to bring an action in circuit court. Plaintiffs chose the latter option, which permitted them to join the uninsured motorist, Sylvia Brannan, as a party. Accordingly, plaintiffs sued Fidelity and Brannan in the Eleventh Circuit Court in and for Dade County, Florida. Brannan did not appear at trial, and plaintiffs took a default judgment against her on liability. The jury returned a verdict for $70,000 in compensatory damages,[1] as well as $750,000 in puni-

---

1. Mr. and Mrs. Adams received compensatory awards of $60,000 and $10,000, respectively. Small compensatory verdicts for the Sheltons were set aside by the trial court in an unchallenged order because their claims did not meet the no-fault threshold. *Adams v. Brannan,* 500

tive damages against Brannan, based upon her egregious conduct in causing the accident.

Fidelity then moved to limit its liability under the uninsured motorist provision of the policy to the $70,000 in recoverable compensatory damages. Fidelity maintained that it was only liable for this amount because Florida law prohibits the recovery of punitive damages from an insurance carrier. The trial court agreed, and entered judgment for plaintiffs in the amount of $70,000.

On appeal, the Third District Court of Appeal for Florida reversed and remanded, applying the general rule that substantive questions concerning insurance coverage are to be determined by the law of the state in which the parties reach their agreement, where the policy is issued, and where the premiums are paid. *Adams,* 500 So.2d at 238.[2] The court found that North Carolina would permit recovery of punitive damages from an uninsured motorist carrier. *Id.* Hence, on remand, the trial court entered an order in accordance with the state appellate court's opinion, which (1) vacated the first order; (2) ordered that plaintiffs could recover $750,000 in punitive

damages from Brannan; (3) ordered that plaintiffs could recover $70,000 in compensatory damages from Fidelity; and (4) ordered that plaintiffs could recover $130,000 in punitive damages (the remaining amount of the $200,000 coverage) from Fidelity. Fidelity subsequently satisfied $200,000 of the $820,000 judgment.

Plaintiffs then filed a first-party "bad faith" action against Fidelity, pursuant to Fla.Stat. § 624.155(1)(b)1.,[3] for allegedly failing to settle their insurance claims in good faith. The case was removed to federal court. Fidelity moved for summary judgment on two grounds: (1) that an excess judgment was not a recoverable element of damages under Section 624.155, and (2) that Florida does not allow punitive damages assessed for the conduct of an uninsured motorist to be recovered against an insurer. While acknowledging that other courts have determined excess judgments to be recoverable under section 624.-155,[4] the district court held that the excess judgment in this case was not recoverable because it would not have been covered by an uninsured motorist policy under Florida law.[5]

So.2d 236, 237 n. 1 (Fla. 3d DCA 1986), *review denied,* 511 So.2d 297 (Fla.1987).

2. The court acknowledged a qualification to this doctrine that arises when the law of another jurisdiction has a more significant relationship to the particular issue in controversy; in such a case, the other state's law "should be applied to vindicate the policy or interest of that state." *Adams,* 500 So.2d at 238. However, after examining the relevant policy considerations, the court concluded:

Florida's asserted interest in preserving the punishment and deterrence functions of punitive damages is therefore not in the least compromised by the recovery of punitive damages against an uninsured motorist carrier, and there is consequently no basis for declining to apply the law of North Carolina that its carriers are responsible for these losses under policies paid for and issued within its borders. *Id.* at 239 (footnotes omitted).

3. The provision permits "any" aggrieved party to bring a civil action against his or her insurer for "[n]ot attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his interests." Fla.Stat. § 624.155(b)(1)1.

4. Specifically, the court noted the decision of another district court in the same district, *Jones v. Continental Ins. Co.,* 716 F.Supp. 1456 (S.D. Fla.1989), which has held that an excess arbitration award may be recovered as damages in a first-party suit brought under Section 624.-155(1)(b)1. Because it is potentially dispositive of this case as well, we note that we have recently asked the Supreme Court of Florida to consider the key issue raised in *Jones* regarding the proper measure of damages in first-party, bad faith suits under Section 624.155(1)(b)1. *See Jones v. Continental Ins. Co.,* 920 F.2d 847 (1990).

5. The court stated:

While North Carolina law applies to questions regarding the substantive provisions of the insurance contract and the construction thereof, *Brannan,* 500 So.2d 236, Florida law applies to questions regarding Defendant's performance under the contract and the *remedies available for non-performance. Government Employees Ins. Co. v. Grounds,* 332 So.2d 13 (Fla.1976) [ (emphasis supplied) ]. Plaintiffs concede that Florida law controls this matter, for they instituted this action pursuant to section 624.155, rather than on the insurance contract itself. Under Florida law,

### III. *Question to be certified to the Supreme Court of Florida.*

Assuming that Fla.Stat. Section 624.-155(1)(b)1. provides for a first-party bad faith claim in an uninsured motorist case,[6] and assuming that damages exceeding the limits of the insurance policy may be collected against an uninsured motorist insurance carrier,[7] can the measure of damages properly include an award of punitive damages against the insurer?

The phrasing of the question is not intended to limit the Supreme Court of Florida's consideration of the various problems encountered by parties litigating section 624.-155(1)(b)1. claims. The entire record and the briefs of the parties shall be transmitted to the Supreme Court of Florida for assistance in considering this question.

---

an insured cannot recover punitive damages from its insurer based upon the conduct of an uninsured motorist. *Suarez v. Aguiar,* 351 So.2d 1086 (Fla. 3d DCA 1977), *cert. dismissed,* 359 So.2d 1210 (1978). Accordingly, it follows that Plaintiffs cannot recover such damages under Section 624.155.
*Adams v. Fidelity and Cas. Co.,* No. 88–0629–CIV–SPELLMAN (Feb. 12, 1990) (order granting defendant's Motion for Summary Judgment).

**6.** Although the parties have not raised it, another question that comes to mind in reviewing this particular case that the Supreme Court of Florida might want to consider is whether Fla.Stat. Section 624.155 is even available to plaintiffs suing for a bad faith failure to settle under an automobile insurance policy issued in North Carolina to North Carolina residents.

**7.** Once again, this assumption directly involves the question we have recently certified to the Supreme Court of Florida for resolution in *Jones,* 920 F.2d 847 (1990), concerning the proper measure of the damages awarded in a first-party, bad faith suit under Section 624.155.