920 F.2d 847
 Thomas F. JONES, as Personal Representative of the Estate of
Karen Sue Jones, Deceased, Thomas F. Jones,
individually, and Mary Ann Jones,
individually, Plaintiffs-Appellees,
v.
CONTINENTAL INSURANCE COMPANY, a foreign corporation,
Defendant-Appellant.
 No. 89-5911.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 10, 1991.
 
 Love Phipps, Scott McNary, Corlett, Killian, Ober, Hardeman, McIntosh & Levi, P.A., Miami, Fla., for defendant-appellant.
 David B. Shelton, Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, P.A., Orlando, Fla., amicus curiae for Florida Defense Lawyers Ass'n.
 George A. Vaka, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, Fla., amicus curiae for Florida Ass'n for Ins. Review.
 Patrice A. Talisman, Daniels & Hicks, P.A., Miami, Fla., Roland Gomez, Law Offices of Roland Gomez, Miami Lakes, Fla., Robert J. Dickman, P.A., Coral Gables, Fla., for plaintiffs-appellees.
 Gary Gerrard, Haddad, Josephs & Jack, Coral Gables, Fla., amicus curiae for Florida Trial Lawyers.
 Appeal from the United States District Court For the Southern District of Florida.
 Before FAY and EDMONDSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.
 FAY, Circuit Judge:
 
 
 1
 CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO ARTICLE 5, SECTION 3(b)(6) OF THE FLORIDA CONSTITUTION, FLORIDA STATUTES Sec. 25.031, AND RULE 9.150, FLORIDA RULES OF APPELLATE PROCEDURE.
 
 
 2
 TO THE SUPREME COURT OF FLORIDA AND THE HONORABLE JUSTICES THEREOF:
 
 
 3
 This diversity insurance case concerns the appropriate measure of damages in a first-party (insured against insurer), "bad faith" action brought pursuant to Florida Statutes Sec. 624.155(1)(b)1.[1] We have determined that this issue of Florida law is dispositive of the case, and that there appear to be no clear, controlling precedents in the decisions of the Supreme Court of Florida. Accordingly, we certify the following question of law for instructions concerning such question of law, based upon the facts recited herein, pursuant to Rule 9.150, Florida Rules of Appellate Procedure:
 
 
 4
 I. Style of the Case.
 
 
 5
 The style of the case in which this certificate is made is THOMAS F. JONES, as Personal Representative of the Estate of KAREN SUE JONES, Deceased, THOMAS F. JONES, Individually, and MARY ANN JONES, Individually, Plaintiffs-Appellees, versus CONTINENTAL INSURANCE COMPANY, a foreign corporation, Defendant-Appellant, Case No. 89-5911, United States Court of Appeals for the Eleventh Circuit, on appeal from the United States District Court for the Southern District of Florida.
 
 
 6
 II. Statement of Facts.
 
 
 7
 Plaintiffs, Thomas F. Jones and Mary Ann Jones, are the parents of Karen Sue Jones, who was fatally injured in an automobile accident in January, 1984. At the time of the accident, plaintiffs were covered by a Continental Insurance Company ("Continental") liability policy with total coverage of $600,000.[2] Because the accident involved two uninsured, or underinsured, motorists, the uninsured motorist provisions of the Jones's policy were triggered.
 
 
 8
 Following their daughter's death, plaintiffs made demand upon Continental to settle their claims for the $600,000 policy limit. Continental rejected the demand. Plaintiffs then proceeded to arbitrate the dispute in accordance with the policy terms. On the eve of the arbitration hearing, Continental offered $500,000 to settle the Jones's claims, which the latter rejected. The arbitration panel subsequently awarded plaintiffs $1,000,000, based upon a $500,000 award to each parent.
 
 
 9
 After arbitration and the award decision, Continental filed a petition in state court to modify the award, seeking to reduce the amount of the award to the limits of the policy. Plaintiffs responded, arguing that the award was not defective, and that there was therefore no ground for modifying it. The state court, however, entered judgment on October 31, 1984, limiting the award to the terms of the policy--$600,000. Continental then satisfied the judgment, paying $600,000 to plaintiffs.
 
 
 10
 Plaintiffs then filed a statutory bad faith action in state court, pursuant to Fla.Stat. Sec. 624.155(1)(b)1., which was removed by Continental to federal district court. Plaintiffs sought to recover damages for Continental's alleged bad faith in not settling plaintiffs' claims for the wrongful death of their daughter,[3] in the amount of the difference between the arbitration award and the state court judgment, together with punitive damages as to certain counts.
 
 
 11
 Continental moved to dismiss plaintiffs' complaint as violative of Fla.Stat. Sec. 624.155, arguing that the statute does not provide a cause of action for bad faith within the context of first-party claims, and if the statute were interpreted to so provide, it would be unconstitutionally vague or overbroad. The district court, however, agreed with plaintiffs that section 624.155(1)(b)1. did indeed provide them with a cause of action, that the section was not unconstitutionally vague or overbroad, and that plaintiffs had stated a claim for relief under the statute. It therefore denied Continental's Motion to Dismiss. Jones v. Continental Ins. Co., 670 F.Supp. 937, 947 (S.D.Fla.1987).
 
 
 12
 The case proceeded to trial, and the jury returned a special verdict against Continental on liability, finding that Continental did not attempt in good faith to settle plaintiffs' claim.[4] However, when asked to determine the total amount of damages sustained by plaintiffs, the jury answered "zero." Plaintiffs then filed a motion for judgment notwithstanding the verdict pursuant to Fed.R.Civ.P. 50(b).
 
 
 13
 The district court granted plaintiffs' motion for JNOV, on the ground that the evidence presented at trial was of such weight and quality that an impartial jury could not have returned a verdict of zero damages. The court therefore set aside the jury's damages verdict, and entered judgment for plaintiffs in the amount of $366,750, plus pre-judgment interest and costs. Jones v. Continental Ins. Co., 716 F.Supp. 1456, 1460 (S.D.Fla.1989). This figure represented the amount of the excess arbitration award ($1,000,000 minus the policy limits of $600,000, after set-offs).
 
 
 14
 III. Applicable Florida Law.
 
 
 15
 This case turns on the proper measure of damages in a first-party bad faith insurance action under Fla.Stat. Sec. 624.155. For years, courts imposed an independent duty on liability insurers to act in good faith when defending insureds against third-party claims, see, e.g. Butchikas v. Travelers Indem. Co., 343 So.2d 816, 817-18 (Fla.1976), and recognized a common law cause of action for bad faith within the context of third-party actions. Boston Old Colony Ins. v. Gutierrez, 386 So.2d 783, 785 (Fla.1980).[5] At common law, no analogous cause of action existed for first-party claimants. Florida was among a number of states upholding a distinction between the duty owed to first- and third-party claimants, with insurers owing no fiduciary duty in first-party claims. Baxter v. Royal Indem. Co., 285 So.2d 652, 656 (Fla. 1st DCA 1973), cert. discharged, 317 So.2d 725 (Fla.1975). In 1982, however, the Florida Legislature enacted section 624.155, the so-called "Bad Faith Statute," with broad language in subsection (1) declaring that "any person" may bring such an action. Since the statute's enactment, both federal and Florida courts have found that it extends bad faith actions to the first-party context. Adams v. Fidelity Cas. Co., No. 88-0629-Civ-Spellman (Feb. 12, 1990); Jones, 716 F.Supp. 1456, 1459; United Guar. Residential Ins. Co. of Iowa v. Alliance Mortg. Co., 644 F.Supp. 339, 342 (M.D.Fla.1986); Rowland v. Safeco Ins. Co. of Am., 634 F.Supp. 613, 615 (M.D.Fla.1986); Kujawa v. Manhattan National Life Ins. Co., 541 So.2d 1168, 1169 (Fla.1989) (first-party suit, holding that "the legislature in creating a bad faith cause of action did not evince an intent to abolish the attorney-client privilege and work product immunity") (emphasis supplied); Hollar v. Int'l Bankers Ins. Co., 1990 WL 181859 at * 2, 1990 Fla.App. LEXIS 8975 at * 4 (Fla. 3d DCA Nov. 27, 1990); McLeod, 1990 WL 177723 at * 5, 1990 Fla.App. LEXIS 8694 at * 10 n. 26; Allstate Ins. Co. v. Melendez, 550 So.2d 156, 157 (Fla. 5th DCA 1989); Cardenas v. Miami-Dade Yellow Cab Co., 538 So.2d 491, 495, review discharged, 549 So.2d 1013 (Fla.1989); Opperman v. Nationwide Mut. Fire Ins. Co., 515 So.2d 263, 265 (Fla. 5th DCA 1987), review denied, 523 So.2d 578 (Fla.1988).
 
 
 16
 The chief questions before us concern whether the Florida Legislature, in apparently collapsing the first/third-party distinction as to liability, i.e. extending a bad faith cause of action to first-party suits, also intended to adopt an identical remedy for such actions. Is the measure of damages for first- and third-party bad faith actions the same? Even if the measure is the same, did the district court's judgment awarding the excess arbitration award necessarily represent the correct calculation of the damages in this case? And if not, what then is the appropriate measure of damages in a first-party bad faith suit?
 
 
 17
 In third-party suits, damages may include the "excess" judgment over the policy limits. Thus, plaintiffs have continually asserted, under the guidance of third-party insurance law, that as insureds they are entitled to recover the excess arbitration award as damages upon a finding of bad faith. The district court agreed, and awarded the excess arbitration award, concluding that section 624.155's purpose "is to provide the same remedy in both first-party and third-party bad faith claims--the excess award." Jones, 716 F.Supp. at 1460; see also Hollar, 1990 WL 181859 at * 3, 1990 Fla.App. LEXIS at (in first-party action, tender of policy limits will not ordinarily satisfy insured's full claim of damages for a bad-faith claim; "if, upon remand, bad-faith actions by the insurers are proven, the [plaintiffs'] damages would equal the amount of the excess judgment for which they are now responsible."). Moreover, plaintiffs claim that the district court's interpretation is required by a recent 1990 amendment of section 624.155, which purports to "clarify" the legislative intent with respect to "the issues of the definition of damages," and to provide "legislative intent with respect to civil remedies." Specifically, the last sentence of newly-added subsection (7) states: "The damages recoverable pursuant to this section shall include those damages which are a reasonably foreseeable result of a specified violation of this section by the insurer and may include an award or judgment in an amount that exceeds the policy limits." 1990 Fla.Laws 90-119. (emphasis supplied). Plaintiff concludes on the basis of the highlighted language that the Florida Legislature "has expressly clarified and made a part of the statute its prior intent that the excess award is a proper measure of recovery in both first and third party bad faith actions." Answer Brief of Appellees at 18 (footnote omitted).
 
 
 18
 Continental, of course, vigorously contests that any damages sustained prior to the alleged bad faith (or breach of insurance contract) can serve as the proper measure of damages; only damages proximately resulting from the alleged breach, such as consequent economic loss or emotional distress, are proper. Jones, 716 F.Supp. at 1459 (citing Neal v. Farmers Ins. Exchange, 21 Cal.3d 910, 582 P.2d 980, 148 Cal.Rptr. 389 (1978)). Defendant sees no problem with the legislative history of section 624.155, or with the added 1990 "clarifying" provision, contending that the mere provision for recovery in excess of policy limits in no way indicates an intent that plaintiffs should automatically receive the excess as their damages.
 
 
 19
 Continental argues that the nature of a first-party action is quite different from a third-party action. In the recent assessment of one Florida court, "Fundamental differences between third- and first-party bad faith actions render damages that are appropriate for one inappropriate for the other"; because of such differences, "the rationale underlying the measure of damages in a third-party bad faith action does not apply to such an action in a first-party setting." McLeod, 1990 WL 177723 at * 3, 1990 Fla.App. LEXIS at * 9. Third-party bad faith actions by insureds have traditionally been justified as policing a fiduciary relationship between the insured and the insurance company, i.e. the insurance company is contractually obligated to place the insured's interests (in avoiding exposure to an excess judgment) ahead of its own (in paying as little as possible). Jones, 670 F.Supp. at 940. By contrast, in the first-party context, where the insured is seeking payment of his own claim by the insurance company, it is argued that the relationship is not fiduciary, but adversarial. Id.[6] Each party's obligations to the other are defined and limited by the terms of the insurance contract itself, and a failure to settle does not expose the insured to a judgment in excess of policy limits--only expenses that have nothing to do with the injuries incurred. Thus, Continental argues that the remedy afforded in a first-party bad faith action is limited to attorney's fees, costs incurred, accrued interest, etc., although under the statute such costs on occasion might properly exceed policy limits.[7]
 
 
 20
 Because of the confusion in interpreting this interesting and unresolved question of Florida law, we accordingly certify the following question,[8] as stipulated by the parties, to the Florida Supreme Court for resolution:
 
 
 21
 What is the appropriate measure of damages in a first-party action for bad faith failure to settle an uninsured motorist insurance claim (under Fla.Stat. Sec. 624.155(1)(b)(1.)?[9]
 
 
 22
 The phrasing of the question is not intended to limit the Florida Supreme Court's consideration of the various problems encountered by parties litigating section 624.155(1)(b)1. claims. The entire record and the briefs of the parties shall be transmitted to the Florida Supreme Court for assistance in considering this question.
 
 
 
 [1]
 Fla.Stat. Section 624.155(1)(b)1. provides that "any person" may bring a civil action against an insurer when such person is damaged by the insurer's "[n]ot attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his interests."
 
 
 [2]
 The policy issued by Continental contained uninsured motorist or underinsured motorist coverage in the amount of $300,000 per claim. The policy also covered two separate vehicles. In accordance with Florida law permitting stacking of the limits of coverage based on the number of insured vehicles, the policy therefore provided a total of $600,000 in uninsured motorist benefits to the Jones family
 
 
 [3]
 The basis of the plaintiffs' action was that Continental knew the accident was not Jones's fault; knew the damages were in excess of the policy limits; knew the plaintiffs were peculiarly susceptible to emotional distress because of their daughter's death; did not conduct a proper investigation of the claim before refusing plaintiffs' settlement offer; and in sum, employed a course of dealing designed to hold on to its money as long as possible
 
 
 [4]
 Additionally, the jury found a violation of Sec. 626.9541(1)(i), to the extent that Continental failed promptly to provide a reasonable explanation in writing of the basis in the insurance policy for the denial of plaintiffs' claim, or for the offer of a compromise settlement
 
 
 [5]
 In such actions, the insurer assumes complete control over the insured's defense, and simultaneously acquires a fiduciary duty to act in the insured's best interests. Thus, when an insurer breaches this duty by acting in "bad faith," exposing its insured to a judgment in excess of the policy limits, the insured may recover the "excess," as well as other potential compensatory and punitive damages. Jones, 716 F.Supp. at 1459 n. 5 (citing Butchikas, 343 So.2d at 817-18); see McLeod v. Continental Ins. Co., 1990 WL 177723 at * 2, 1990 Fla.App. LEXIS 8694 at * 7 (Fla. 2d DCA Nov. 14, 1990)
 
 
 [6]
 We note that a recent per curiam opinion of the Florida Supreme Court, Kujawa v. Manhattan Nat. Life Ins. Co., 541 So.2d 1168, 1169 (Fla.1989), has preserved this theoretical distinction in holding that the creation of a first-party bad faith cause of action did not abolish the attorney-client privilege or work product immunity, since an adversarial, and not fiduciary, relationship exists between the parties
 
 
 [7]
 Indeed, while acknowledging the apparently contrary holding of the district court in this case regarding recovery of an excess arbitration award, another district court in the same district has recently held that first-party bad faith plaintiffs under section 624.155 are not entitled to an excess punitive damage award, reasoning:
 Damages incurred in suits involving uninsured motorist claims are entirely different [from third-party suits that allow recovery for an "excess" judgment over the policy limits]. Unlike third-party suits, actual damages in suits involving uninsured motorist claims are limited to the extra costs of going to trial and the interest on money that should have initially been paid. Hence, because the first-party insured is not exposed to excess liability, the rationale for allowing recovery in excess of policy limits in third-party suits is inapplicable to suits involving uninsured motorist claims.
 Adams, Case No. 88-0629-Civ-Spellman, at 8.
 Similarly, two more Florida district courts of appeal have recently split on the question at issue. In McLeod, the Florida Second District Court of Appeal declined to follow the district court's reasoning in Jones, and instead concluded that damages in a first-party bad faith case are limited to the value of the insured's claim, as determined by the underlying tort verdict, up to the insured's policy limits, plus any damages proximately caused by the insurer's bad faith. Such damages are "consequential in nature and can include, but are not limited to, interest on the unpaid benefits, attorneys fees, and costs of pursuing the action." McLeod, 1990 WL 177723 at * 4, 1990 Fla.App. LEXIS at * 11. In Hollar, however, the Florida Third District Court of Appeal, in reversing a summary judgment in favor of the defendant insurers, adopted the district court's approach, and ruled that the proper measure of damages in such a first-party bad faith action would be the amount of the excess judgment.
 
 
 [8]
 The parties have also asked us to certify the threshold question of whether the enactment of Fla.Stat. Sec. 624.155(1)(b)1. created a cause of action for first-party bad faith failure to settle an uninsured motorist claim. We think that it is now clear under both the statute and Florida case law that such a first-party bad faith action exists. However, as indicated below, nothing in our certification is intended to limit the Florida Supreme Court's consideration of any matters that it feels are relevant to the question presented
 
 
 [9]
 We additionally note that the identical question has recently been certified to the Florida Supreme Court as one of great public importance by the Florida Second District Court of Appeal in McLeod, 1990 WL 177723 at * 5, 1990 Fla.App. LEXIS at * 14