956 F.2d 1052
 Thomas F. JONES, as Personal Representative of the Estate of
Karen Sue Jones, Deceased, Thomas F. Jones,
individually, and Mary Ann Jones,
individually, Plaintiffs-Appellees,
v.
CONTINENTAL INSURANCE COMPANY, a foreign corporation,
Defendant-Appellant.
 No. 89-5911.
 United States Court of Appeals,
Eleventh Circuit.
 March 30, 1992.
 
 Love Phipps and Scott McNary, Corlett, Killian, Ober & Levi, Miami, Fla., for defendant-appellant.
 David B. Shelton, Rumberger, Kirk, Caldwell & Wechsler, Orlando, Fla., for amicus, Florida Defense Lawyers Assoc.
 George A. Vaka, Fowler, White, Gillen, Boggs & Villareal & Banker, Tampa, Fla., for amicus, Florida Assoc. for Ins. Review.
 Patrice A. Talisman, Daniels & Hicks, P.A., Miami, Fla., Roland Gomez, Law Offices of Roland Gomez, Miami Lakes, Fla. and Robert J. Dickman, P.A., Coral Gables, Fla., for plaintiffs-appellees.
 Gary Gerrard, Haddad, Josephs & Jack, Coral Gables, Fla., for amicus, Florida Trial Lawyers.
 Appeal from the United States District Court for the Southern District of Florida; Sidney M. Aronovitz, Judge.
 Before FAY and EDMONDSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In Jones v. Continental Insurance Co., 920 F.2d 847 (11th Cir.1991), this court certified the following question to the Florida Supreme Court as dispositive of this case:
 
 
 2
 What is the appropriate measure of damages in a first-party action for bad faith failure to settle an uninsured motorist insurance claim (under Fla.Stat. § 624.155(1)(b)(1.))?
 
 
 3
 Id. at 851. The Florida Supreme Court recently responded to this question in Continental Insurance Co. v. Jones, 592 So.2d 240 (Fla.1992). The Florida Supreme Court referred to its recent decision in McLeod v. Continental Insurance Co., 591 So.2d 621 (Fla.1992), in which it held that the proper measure of damages in first-party actions under section 624.155 "are those amounts which are the natural, proximate, probable, or direct consequence of the insurer's bad faith actions," and rejected "the contention that first-party bad faith damages should be fixed at the amount of the excess judgment." 591 So.2d at 626.
 
 
 4
 In the case at bar, the district court, not having the benefit of McLeod, based its judgment for damages on the excess arbitration award. Accordingly, we VACATE the judgment of the district court, 716 F.Supp. 1456, and REMAND for reconsideration in light of McLeod.