523 So.2d 1177 (1988)
Kevin Patrick CLAUSS, Appellant,
v.
FORTUNE INSURANCE COMPANY, etc., Appellee.
No. 87-1320.
District Court of Appeal of Florida, Fifth District.
March 10, 1988.
Rehearing Denied April 25, 1988.
Gregory E. Tucci of Berk & Tucci, P.A., Ocala, for appellant.
Jerri A. Blair of Austin, Lawrence & Landis, Leesburg, for appellee.
Wayne C. McCall of Ayres, Cluster, Curry, McCall & Briggs, P.A., Ocala, for amicus curiae The Academy of Florida Trial Lawyers.
DANIEL, Judge.
The issue in this case is whether the trial court properly determined that Fortune Insurance Company was not liable to the appellant, Kevin Clauss, for bad faith in settling a personal injury claim. We affirm.
Fortune issued a one-year insurance policy to Dennis Forrester, providing bodily injury and property damage liability coverage. Forrester and appellant, Kevin Patrick Clauss, were involved in a traffic accident on June 22, 1985. Clauss's attorney sent a letter to Robert Hanke, an insurance adjuster working for Fortune, on July 15, 1985, demanding that Fortune tender the limits of Forrester's bodily injury liability coverage within 20 days. On August 5, 1985, Clauss's attorney wrote another letter to Hanke, demanding that Fortune tender the limits of Forrester's policy within five days, otherwise the offer would be revoked.[1] On August 7, 1985, Fortune requested medical reports from Clauss's attorney to verify the extent of Clauss's injury and expressed its desire to tender the policy limits after verification. By letter dated August 9, 1985, Clauss's attorney enclosed a medical report regarding Clauss's injuries, and Fortune was given five additional days to tender the policy limits. Clauss's attorney sent a letter to Fortune dated August 15, 1985, revoking the offer to settle the suit for the policy limits, and stating that suit had been filed against Forrester[2] and would be filed *1178 against Fortune for bad faith failure to settle; a copy of that letter was sent to the Department of Insurance. On August 16, 1985, Fortune sent a letter to Clauss's attorney, in which the policy limits were tendered as well as a release form. By letter dated August 21, 1985, Clauss's attorney acknowledged receiving Fortune's August 16, 1985, letter (allegedly postmarked August 19, 1985), but refused to accept the prior settlement offer.[3] Fortune filed a complaint seeking declaratory relief as to its liability to Clauss for a lack of good faith to settle the claim and as to whether section 624.155, Florida Statutes (1985), had preempted any other remedy for a lack of good faith of an insurer to settle claims when it should have done so.
Clauss filed an answer and a counterclaim seeking damages (1) for Fortune's alleged breach of its fiduciary duty to act fairly and honestly towards its insured, Forrester, in settling the personal injury claim; and (2) under section 624.155 for bad faith in settling the personal injury claim.
The trial court entered a final judgment, determining that section 624.155 had preempted the common law bad faith cause of action; that Fortune tendered its policy limits within 60 days of the date of the accident and was therefore in compliance with section 624.155; and that Fortune was entitled to a summary judgment as a matter of law as to all issues raised in Clauss's counterclaim.[4]
Under Florida common law, it was recognized that the existence of the fiduciary relationship between the parties under the liability provisions of a policy imposed upon the insurer the obligation of exercising good faith in negotiating for and in effecting a settlement of the claim against an insured. The insurer was subject to excess liability if it acted in bad faith or through fraud. Baxter v. Royal Indemnity Company, 285 So.2d 652, 656 (Fla. 1st DCA 1973), cert. discharged, 317 So.2d 725 (Fla. 1975). An insurer in defending claims against an insured had a duty to use the same degree of care and diligence that a person of ordinary care and prudence should exercise in the management of his own business. Boston Old Colony Insurance Company v. Gutierrez, 386 So.2d 783, 785 (Fla. 1980). The insurer was required to investigate the facts, give fair consideration to a settlement offer that was not unreasonable under the facts, and settle, if possible, when a reasonably prudent person, faced with the prospect of paying the total recovery, would do so. Id. at 785. Thus, an insured could file a claim against his insurer for failing in good faith to settle a third party's claim, since he would be exposed to liability in excess of his insurance coverage. Moreover, it was also well established in Florida that a judgment creditor could maintain suit directly against the tortfeasor's liability insurer for recovery of the judgment in excess of the policy limits, based on the alleged bad faith of the insurer in the conduct or the handling of the suit. See, e.g., Gutierrez; Baxter.
In the present case, there were insufficient allegations of unreasonable and bad faith conduct on the part of Fortune. There was only a one-month time span between the initial demand for the policy limits and the notice of the bad-faith failure to settle. During that time, Fortune expressed its willingness to tender the policy limits, but desired verification. A one-month period to verify the claim was not excessive, and certainly does not rise to the level of bad faith, particularly when Fortune tendered the policy limits one day after the notice of the bad-faith failure to settle was sent by Clauss.
*1179 Moreover, Fortune complied with the provisions of section 624.155, which provided in pertinent part:
(1) Any person may bring a civil action against an insurer when such person is damaged:
* * * * * *
(b) By the commission of any of the following acts by the insurer:
1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his interests; ...
* * * * * *
(2) As a condition precedent to bringing an action under this section, the department and the insurer must be given written notice of the violation. The notice shall state with specificity the facts which allegedly constitute the violation and the law which the plaintiff is relying upon and shall state that such notice is given in order to perfect the right to pursue the civil remedy authorized by this section. No action shall lie if, within 60 days thereafter, the damages are paid or the circumstances giving rise to the violation are corrected.

(Emphasis added.)[5]
The trial court properly determined that the tender of the policy limits satisfied the requirement in section 624.155(2). Clauss first sent Fortune a demand for the policy limits on July 15, 1985. On August 15, 1985, Clauss sent notice to Fortune and the Department of Insurance that he was bringing a suit for bad-faith failure to settle; on August 16, 1985, Fortune tendered the policy limits to Clauss. Fortune corrected "the circumstances giving rise to the violation" by timely tendering the policy limits. The timely tender of the policy limits corrected any possible allegations of bad faith; hence, Fortune was not liable for the excess judgment under section 624.155.
Because of our determination that Fortune did not violate either its common law duty of good faith or its statutory duty of good faith, we do not reach the issue of whether section 624.155 has preempted the common law bad faith cause of action.
AFFIRMED.
SHARP, C.J., and DAUKSCH, J., concur.
NOTES
[1] Hanke stated that he did not receive the letter until two or more weeks later because it was incorrectly addressed. Clauss's attorney stated that Hanke told him that the letter was received on August 9, 1985.
[2] Clauss filed suit against Forrester on August 15, 1985. A judgment was subsequently entered in favor of Clauss in the amount of $314,000.
[3] Forrester filed an action seeking protection in bankruptcy; the final order in the bankruptcy court discharged Forrester from all responsibility to Clauss for any judgment in excess of the policy limits arising out of the accident. An order modifying the automatic stay in bankruptcy was rendered in the bankruptcy court, permitting Forrester to bring suit against Clauss, but not allowing the issuance of final process or the creation of a lien.
[4] Another final judgment was subsequently entered, in which the trial court made the same determinations as in the earlier judgment, along with a finding that Fortune had not acted in bad faith toward its insured or Clauss.
[5] Section 624.155(2) was amended during the 1987 legislative session. See Ch. 87-278, § 1, Laws of Fla. The department and the insurer must now receive 60-day written notice of the violation.