580 So.2d 311 (1991)
Lazara CRUZ, Appellant,
v.
AMERICAN UNITED Insurance Company, Appellee.
No. 90-1415.
District Court of Appeal of Florida, Third District.
May 28, 1991.
Marc L. Goldman, Stabinski & Funt, and Luis Stabinski, Miami, for appellant.
Rosner & Simon, Steven R. Simon, Jeanne Heyward, Miami, for appellee.
Before NESBITT, FERGUSON and LEVY, JJ.
FERGUSON, Judge.
Lazara Cruz appeals from a summary judgment entered in favor of her automobile insurer.
Cruz filed an action against her insurer, American United Insurance Company, alleging bad faith in refusing to settle an automobile property damage claim. Her primary contention was that the insurer furnished her with an unreasonably low estimate for the repair or replacement of her automobile. She also alleged that as a result of the unreasonable estimate, and a delay between the opening offer of $3,000 and the final $3,500 offer, she incurred additional costs including long-distance telephone calls to the insurer, storage costs, and loss of use damages.
The parties attempted, unsuccessfully, to reach an agreement as to the value of the automobile at the time of the accident. Competent evidence was presented by the insurer in support of its contention that its $3,000 first offer was reasonable for the appellant's high-mileage vehicle. Nevertheless, the value of the car on the date of the accident was determined by the jury to be $3,775. That figure was only $25 more than the insurer's last offer of $3,500, after subtracting the $250 deductible. On the basis of the jury verdict, and asserting that Cruz failed to present any other facts establishing bad faith, American United moved for summary judgment on the bad faith claim. The trial court entered a summary judgment in favor of the defendant. We affirm.
*312 The legal standard governing an insurer's settlement conduct is one of reasonableness. D. Wall, Litigation and Prevention of Insurer Bad Faith § 9.03 (1985). An offer to settle a $5,669 property damage claim for $3,500, which offer falls only $25 short of a jury's determination fixing the value at $1,900 less than the claim, is not, as a matter of law, so unreasonable as to support a claim for bad faith failure to settle. See Clauss v. Fortune Ins. Co., 523 So.2d 1177 (Fla. 5th DCA 1988) (judgment for insurer was proper where there were insufficient allegations of unreasonable and bad faith conduct on the part of the insurer).
Affirmed.