[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-11973
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 20, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00073-CV-T-17MAP

GEICO GENERAL INSURANCE COMPANY,

Plaintiff-Counter-
Defendant-Appellant,

versus

JACK A. MCDONALD,
PENNY MCDONALD,
BRANDI MCDONALD,

Defendants-Counter-
Claimants-Appellees.

_____
05-00164-CV-T-1

JACK MCDONALD,
PENNY MCDONALD,
BRANDI MCDONALD,

Plaintiffs-Appellees,

GEICO GENERAL INSURANCE COMPANY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(November 20, 2008)**

Before BIRCH, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

GEICO General Insurance Company (GEICO) appeals the final judgment following a jury verdict in favor of Jack A. McDonald, Penny McDonald, and Brandi McDonald (the McDonalds). GEICO asserts two issues on appeal: (1) the district court erred in giving a jury instruction that required the jury to resolve all disputes in the evidence in favor of the plaintiffs, and (2) the district court erred in denying GEICO's Rule 50 motion for judgment as a matter of law because there was no evidence of bad faith conduct on the part of the GEICO adjusters.

This case is a consolidation of two declaratory actions, each seeking a determination of whether GEICO acted in bad faith in failing to settle a claim brought by Tracy Giovo against the McDonalds for a motor vehicle accident that occurred on August 21, 1998. Following a five-day trial, the jury determined GEICO had acted in bad faith, and entered a judgment against GEICO for the amount of the underlying judgment that exceeded the McDonalds' policy limits.

2

I.

GEICO objected to the following jury instruction:

In your determination of whether GEICO General Insurance
Company acted in bad faith in the handling of the Giovo claim
against Jack McDonald, Penny McDonald, and Brandi McDonald,
any question about the possible outcome of a settlement effort should
be resolved in favor of Jack McDonald, Penny McDonald, and Brandi
McDonald. GEICO General Insurance Company has the burden to
show that there was no realistic possibility of settlement within policy
limits.

GEICO asserts the district court erred in instructing the jury to resolve any

questions regarding the outcome of settlement efforts in favor of the McDonalds.

GEICO asserts this was not an accurate statement of Florida law and misled the

jury. GEICO asserts the instruction was tantamount to giving the McDonalds a

directed verdict.

"We review jury instructions *de novo* to determine whether they misstate the

law or mislead the jury to the prejudice of the party who objects to them." *United

States v. Campa*, 529 F.3d 980, 992 (11th Cir. 2008). As long as the instructions

adequately reflect the law, the district court has wide discretion as to the style and

wording used in the instructions. *Id.*

The district court's basis for this instruction was *Powell v. Prudential

Property and Casualty Insurance Co.*, 584 So. 2d 12, 14 (Fla. 3d DCA 1991). In

3

*Powell*, the trial court entered a directed verdict for the insurer at the conclusion of the plaintiff's case in an action for bad faith failure to settle an insurance claim. *Id.* at 13. Florida's Third District Court of Appeal reversed the trial court. *Id.* Included in its reasoning was the following:

> Any question about the possible outcome of a settlement effort should be resolved in favor of the insured; the insurer has the burden to show not only that there was no realistic possibility of settlement within policy limits, but also that the insured was without the ability to contribute to whatever settlement figure that the parties could have reached.

*Id.* at 14.

The district court's jury instruction was not an inaccurate statement of Florida law that misled the jury as it was taken directly from *Powell*. Additionally, we reject GEICO's contention the instruction was tantamount to giving the McDonalds a directed verdict, as the district court correctly instructed that GEICO had the burden of showing there was no possibility of settlement within policy limits. If GEICO had met that burden at trial, the jury could have reasonably found GEICO did not act in bad faith.

## II.

GEICO asserts the district judge erred in failing to grant its Rule 50 motion for judgment as a matter of law because the McDonalds presented absolutely no

evidence of bad faith conduct on the part of the GEICO adjusters and thus, as a matter of law, the evidence was insufficient to create a question of fact. GEICO asserts the evidence, at most, established mere negligence in the handling of the Giovo claim, and mere negligence does not support a finding of bad faith under Florida law.

"We review a district court's ruling on a motion for judgment as a matter of law under Rule 50 *de novo*, examining the evidence in the light most favorable to the non-moving party . . . ." *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1251 (11th Cir. 2007). "The question before the district court regarding a motion for judgment as a matter of law remains whether the evidence is legally sufficient to find for the party on that issue." *Id.* at 1252 (alteration and internal quotations omitted).

The focus of a bad faith case is on the actions of the insurer in fulfilling its obligations to the insured. *Berges v. Infinity Ins. Co.*, 896 So. 2d 665, 677 (Fla. 2004). The insurance company owes the insured a fiduciary duty to act in the insured's best interest. *Id.* "The legal standard governing an insurer's settlement conduct is one of reasonableness." *Cruz v. Am. United Ins. Co.*, 580 So. 2d 311, 312 (Fla. 3d DCA 1991). "Bad faith may be inferred from a delay in settlement negotiations which is willful and without reasonable cause." *Powell*, 584 So. 2d at

5

14. "Where liability is clear, and injuries so serious that a judgment in excess of the policy limits is likely, an insurer has an affirmative duty to initiate settlement negotiations." *Id.*

GEICO's argument fails. Viewing the evidence in the light most favorable to the McDonalds, the evidence was sufficient to create a question of fact regarding whether GEICO's actions were reasonable. The evidence showed that although GEICO identified this claim as one that would far exceed policy limits, GEICO never sent the McDonalds the letter it had prepared advising them of the potential for excess liability. During GEICO's settlement negotiations with Giovo, Giovo tendered a settlement offer, but GEICO counteroffered less than Giovo requested for loss of use of her vehicle. GEICO then sent the McDonalds a letter advising GEICO had complied with Giovo's demands and detailing its offer of settlement. Giovo then rejected GEICO's counteroffer and proceeded to litigation. GEICO did not send the McDonalds an excess letter until after settlement negotiations failed and Giovo had filed suit. After a jury trial, judgment was entered in favor of Giovo and a final judgment of $1,117,475.65 was entered against the McDonalds. After collateral source setoffs were calculated, an amended final judgment of $1,088,041.51 was entered against the McDonalds.

The evidence showed that although GEICO attempted to settle with Giovo, it did not keep the McDonalds informed of the settlement negotiations. GEICO exposed the McDonalds to a significant excess judgment without the McDonalds' knowledge. GEICO made a counteroffer on Giovo's offer, but represented to the McDonalds it had complied with Giovo's demands. Regardless of whether mere negligence is enough to find bad faith under Florida law, the evidence was legally sufficient to find that GEICO's conduct was more than mere negligence and that GEICO acted in bad faith.

**AFFIRMED.**